UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LIQUIDITY SERVICES, INC.,
    Plaintiff

    v.

NICHOLAS ROZDILSKY
    Defendant.

Civil Action No. 22-2158 (CKK)

**MEMORANDUM OPINION**
(June 15, 2023)

Plaintiff Liquidity Services, Inc. ("LSI") claims that its former employee, Defendant

Nicholas Rozdilsky ("Defendant" or "Rozdilsky") breached a confidentiality agreement between

the parties, stealing Plaintiff's trade secrets and converting them for his own purposes.

Defendant has moved to dismiss the complaint or, in the alternative, transfer this matter to the

District of Maryland.  Because a later agreement provided that the parties must litigate

contractual disputes arising from the confidentiality agreement in Maryland, the Court will

transfer the case and leave the remainder of Defendant's motion undisturbed.  Accordingly, and

upon consideration of the briefing,[1] the relevant legal authorities, and the entire record,

Defendant's [8] Motion To Dismiss or in the Alternative to Transfer the Complaint is

**GRANTED IN PART**.

---

[1] The Court's consideration has focused on:
- Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or in the Alternative to Transfer the Complaint, ECF No. 8 ("Motion" or "Mot.");
- Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss the Complaint, ECF No. 10 ("Opp."); and
- Defendant's Reply Memorandum in Support of Defendant's Motion to Dismiss or in the Alternative to Transfer the Complaint, ECF No. 11 ("Repl.").

In an exercise of its discretion, the Court declines to hold oral argument in this case.

## I.      BACKGROUND

On April 28, 2018, Rozdilsky began working as Vice President of Marketing for LSI, a seller and marketer of surplus goods.  Compl. ¶¶ 6-7.  A number of agreements governed Rozdilsky's employment relationship with LSI.  Key here was an "Employee Agreement Regarding Confidentiality, Intellectual Property, and Competitive Activities" ("Confidentiality Agreement"), executed April 23, 2018.  This agreement controlled how Rozdilsky was to handle confidential information during the course of his employment at LSI. *Id.* ¶ 8, Ex. A. The Confidentiality Agreement provided that Delaware law would govern the agreement, and that any claims arising from the agreement would be litigated in the District of Columbia.  Compl. Ex. A at ¶ 4.7.1 (choice of law), 4.7.2 (choice of forum).

On November 5, 2019, Rozdilsky and LSI entered into another employment contract, an "Executive Employment Agreement"  ("Employment Agreement"). Compl. ¶ 9.  This agreement delineated additional terms governing Rozdilsky's employment with LSI, and expressly incorporated the terms and conditions of the 2018 Confidentiality Agreement.  *Id.* Ex. B at ¶ 9.[2] Additionally, the Employment Agreement contained a choice of law clause, requiring that the contract be governed by Maryland law. *Id.* Ex. B at ¶ 10.9.[3]  Finally, the Employment Agreement contained a forum selection clause, requiring that suits "arising out of or relating to" the agreement be brought in Maryland state or federal court.  *See id.*

---

[2] "Executive previously executed an Employee Agreement Regarding Confidentiality, Intellectual Property, and Competitive Activities (the 'Employee Agreement') and the terms and conditions of the Employee Agreement are specifically incorporated herein by reference."

[3] "This Agreement, the rights and obligations hereto, and any claims or disputes relating thereto, shall be governed by and construed in accordance with the laws of the State of Maryland[.]"

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  The party moving to transfer venue bears the burden of establishing that convenience and the interests of justice weigh in favor of transfer.  *See Int'l Bhd. of Painters & Allied Trades Union v. Best Painting and Sandblasting Co., Inc.,* 621 F. Supp. 906, 907 (D.D.C. 1985). Section 1404(a) vests discretion in the district court to conduct an "individualized, case-by-case" analysis of whether transfer is appropriate.  *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988).

## III.   DISCUSSION

Among other things, Defendant has moved to transfer venue, arguing that the later Employment Agreement's choice-of-forum clause controls, rather than the earlier Confidentiality Agreement's choice-of-forum clause.   The Court agrees.

### A.  Choice of Law

The Court must begin by determining the choice of law governing this contractual dispute.  As a threshold matter, the Court applies District of Columbia law to determine which law applies to a contract dispute.  *Ideal Elec. Sec. Co. v. Int'l Fidelity Ins.*, 129 F.3d 143, 148 (D.C. Cir. 1997) (federal court applies home forum's choice-of-law rules).  Under District of Columbia law, a contract "containing a term inconsistent with a term of an earlier contract between the same parties regarding the same subject matter should be interpreted to rescind the inconsistent term in the earlier contract." *Nat'l R.R. Passenger Corp. v. ExpressTrak, L.L.C.*, 330

F.3d 523, 530 (D.C. Cir. 2003) (citing *Chang v. Louis & Alexander, Inc.*, 645 A.2d 1110, 1114 (D.C. 1994) (internal citation omitted)).[4]

Here, the choice-of-law clause in the Employment Agreement supersedes the choice-of-law clause in the Confidentiality Agreement because the two contracts are between the same parties and involve the same subject matter. The Confidentiality and Employment Agreements both involve the same parties, LSI and Rozdilsky. Compl. Ex. A at 9, Ex. B at 7.  And the Confidentiality Agreement and the Employment Agreement both cover the terms of Rozdilsky's employment with LSI.  Not only do both agreements govern the same employment relationship, but the latter explicitly incorporates the former by reference.  Compl. Ex. B ¶ 9, 10.10.  Because the Employment and Confidentiality Agreements involve the same subject matter and both agreements are between LSI and Rozdilsky, Maryland law applies.

### B.  Forum Selection Clause

Like District of Columbia law, Maryland law holds that "a subsequent contract completely covering the same subject-matter, and made by the same parties, as an earlier agreement, but containing terms inconsistent with the former contract . . . rescinds, supersedes, and is substituted for the earlier contract." *Hercules Powder Co. v. Harry T. Campbell Sons Co.*, 133 A. 510, 516 (Md. 1929) (internal citation and quotation marks omitted).  Again, the two contracts here cover the same subject-matter and were made by the same parties.  The Employment Agreement even explicitly incorporates by reference the Confidentiality Agreement.  Therefore, the Employment Agreement's clause providing for exclusive venue in Maryland state or federal court controls.

---

[4]  *See also Wardman v. Washington Loan & Trust Co.*, 90 F.2d 429, 431 (D.C. Cir. 1937); *Egan v. McNamara*, 467 A.2d 733, 740 (D.C. 1983); *Hershon v. Hellman Co.*, 565 A.2d 282, 284 (D.C. 1989); *La France v Georgetown Univ. Hosp.*, 1988 WL 135066 (D.D.C. Dec. 9, 1989) (RCL).

### C.  Section 1404(a) Analysis

The Maryland forum-selection-clause is the end of the matter.  When, as here, there is a valid forum-selection-clause, the Court must usually enforce it.  In such a circumstance, "'the plaintiff's choice of forum merits no weight[,]'" and the Court may not "consider arguments about the parties' private interests." *Glycobiosciences, Inc. v. Innocutis Holdings, LLC*, 189 F. Supp. 3d 61, 66-67 (D.D.C. 2016) (RDM) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49 (2013)). Furthermore, when a valid forum-selection clause is present, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 581.  Plaintiff has identified no "extraordinary circumstances" here, and the Court is unaware of any.  Having determined that the parties contractually agreed that the appropriate forum is Maryland, the Court must transfer this case to the District of Maryland.

### IV.     CONCLUSION

Faced with a valid forum-selection-clause, the Court must transfer this matter to the District of Maryland.  As such, as to transfer, the Court **GRANTS IN PART** Defendant's [8] Motion To Dismiss or in the Alternative to Transfer the Complaint.  An appropriate order accompanies this memorandum opinion.

Dated: June 15, 2023                                         ___/s/_____
                                                             COLLEEN KOLLAR-KOTELLY
                                                             United States District Judge